DOCKET NO. FST-CV21-6049709-S      :      SUPERIOR COURT

: 

LAUREN TORRES     ,                   :      JUDICIAL DISTRICT OF

: 

            Plaintiff            :      STAMFORD/NORWALK AT

: 

v.                                    :      STAMFORD

:                            :

WELLS FARGO BANK, N.A.,        : 

: 

           Defendant          :      APRIL 23, 2021

<u>**NOTICE OF FILING NOTICE OF REMOVAL**</u>

**TO THE JUDGES OF THE SUPERIOR COURT FOR THE STATE OF CONNECTICUT AND TO ALL PARTIES TO THE ACTION HEREIN:**

PLEASE TAKE NOTICE that, on April 23, 2021, Defendant Wells Fargo Bank, N.A. ("Wells Fargo")[1], filed a Notice of Removal of this action to the United States District Court for the District of Connecticut pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446.  Wells Fargo has attached a true and correct copy of the Notice of Removal hereto as **<u>Exhibit A</u>**.

Wells Fargo respectfully requests that this Court proceed no further in this matter.

---

[1] Plaintiff erroneously directed her Complaint in the state court action at "Wells Fargo". At all relevant times, however, her employer, in fact, was "Wells Fargo Bank, N.A.", which Wells Fargo has corrected upon removal.

DEFENDANT
WELLS FARGO BANK, N.A.

Jeffrey A. Fritz
Fisher & Phillips LLP
200 State Street, 7th Floor
Boston, Massachusetts 02109
(617) 722-0044
*jfritz@fisherphillips.com*
Juris No. 423388

Its Attorneys

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing was mailed this date, postage prepaid, to:

Ashling M. Soares, Esq.
Ashling Soares Law
55 Green Farms Road
Suite 200-58
Westport, Connecticut 06880
*asoares@ashlingsoareslaw.com*

*Plaintiff's Counsel*

Jeffrey A. Fritz

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| LAUREN TORRES, | : | CIVIL ACTION NO. 3:21-cv-00563 |
| | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| WELLS FARGO BANK, N.A., | : | |
| | : | |
| Defendant. | : | APRIL 23, 2021 |

<u>**NOTICE OF REMOVAL**</u>

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE**

**DISTRICT OF CONNECTICUT:**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), for purposes of removing this case to the United States District Court for the District of Connecticut, states the following:

1.      On March 9, 20221, Plaintiff initiated an action against Wells Fargo in the Superior Court for the Judicial District of Stamford/Norwalk at Stamford, entitled <u>Lauren Torres v. Wells Fargo</u>[1], No. FST-CV21-6049709-S, returnable April 13, 2021.  Plaintiff served Wells Fargo on March 29, 2021.  Other than Plaintiff filing her Summons, Complaint, and Return of Service with the Superior Court on April 8, 2021, no further proceedings have been had in this action.

2.      In accordance with 28 U.S.C. § 1446(a), Wells Fargo has attached hereto as <u>**Exhibit A**</u> copies of all process, pleadings and orders served upon it in this action. Wells Fargo also attaches hereto as <u>**Exhibit B**</u> the Return of Service and Supplemental Return filed with the Superior Court on March 31, 2021.

---

[1] Plaintiff erroneously directed her Complaint in the state court action at "Wells Fargo". At all relevant times, however, her employer, in fact, was "Wells Fargo Bank, N.A.", which Wells Fargo has corrected upon removal.

3.     Plaintiff's lawsuit against Wells Fargo is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one that Wells Fargo may remove to this Court pursuant to 28 U.S.C. § 1441 because diversity jurisdiction exists in this matter.

4.     Plaintiff asserts she "is a female resident of the State of Connecticut and resides at 120 Spring Street, Mount Kisco, New York 10549." (See Compl. ¶ 1.)

5.     Defendant Wells Fargo is a national banking association and a federally chartered bank.  As such, it is a citizen of the state in which its main office is located, as set forth in its Articles of Association.  See Wachovia Bank NA v. Schmidt, 546 U.S. 303 (2006).  Wells Fargo's main office is located in Sioux Falls, South Dakota.  Accordingly, Wells Fargo is a citizen of South Dakota.

6.     Diversity of citizenship existed between the parties at the time Plaintiff's Complaint was filed.  Diversity of citizenship continues to exist at the time this Notice of Removal is being filed.

7.     Based upon Plaintiff's Complaint, which alleges wrongful termination in violation of public policy, the amount in controversy in this lawsuit is potentially greater than $75,000, exclusive of interest and costs.  Plaintiff is seeking alleged compensatory damages for both pecuniary and non-pecuniary losses, punitive damages, attorneys' fees and costs.  (See Compl. p. 16.)

8.     Accordingly, the United States District Court for the District of Connecticut has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as this is a civil action between citizens of different states in which the amount in controversy exceeds the statutory requirement.

9.     Plaintiff's lawsuit against Wells Fargo is one that Wells Fargo may remove to this

Court pursuant to 28 U.S.C. § 1441(a) in that the United States District Court for the District of Connecticut embraces the location where the State Court Action is pending, *i.e.*, Stamford, Connecticut.

10.     Wells Fargo has timely filed this Notice of Removal in that it first received a copy of the Summons and Complaint on March 29, 2021 and it has filed this Notice of Removal within thirty (30) days thereof.  See 28 U.S.C. § 1446(b)(1).

11.     Pursuant to 28 U.S.C. § 1446(d), Wells Fargo hereby certifies that it has served a copy of this Notice on Plaintiff, and has filed a copy of this Notice with the State of Connecticut Superior Court Clerk, Judicial District of Stamford/Norwalk at Stamford.   Wells Fargo has attached a copy of the Notice filed with the Superior Court Clerk hereto as **Exhibit C**.  Wells Fargo also attaches a Civil Cover Sheet (JS 44) hereto as **Exhibit D**.

12.     Undersigned counsel has signed this Notice pursuant to Rule 11 of the Federal Rules of Civil Procedure, in accordance with 28 U.S.C. § 1446(a).

13.     In filing this Notice of Removal, Wells Fargo does not waive any defects in service of process, venue, or personal jurisdiction.

WHEREFORE, Wells Fargo respectfully requests, in accordance with the provisions of 28 U.S.C. §§ 1441 and 1446, that this action now pending in the Superior Court for the State of Connecticut, be removed to this Court, and that this Court proceed with this case as if originally initiated in this Court.

DEFENDANT
WELLS FARGO BANK, N.A.


*/s/ Jeffrey A. Fritz*
Jeffrey A. Fritz (ct26667)
Fisher & Phillips LLP
200 State Street, 7th Floor
Boston, Massachusetts 02109
(617) 722-0044
*jfritz@fisherphillips.com*

Its Attorneys

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing was mailed this date, postage prepaid,

to:

Ashling M. Soares, Esq.
Ashling Soares Law
55 Green Farms Road
Suite 200-58
Westport, Connecticut 06880
*asoares@ashlingsoareslaw.com*

*Plaintiff's Counsel*


*/s/ Jeffrey A. Fritz*
Jeffrey A. Fritz

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**See other side for instructions**

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov



MAR 19 2021

- ☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
- ☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
- ☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* *(C.G.S. §§ 51-346, 51-350)* | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 123 Hoyt Street, Stamford, CT 06905 | ( 203 )965-5308 | April 13, 2021 |
| | | Day    Year |

| ☒ Judicial District ☐ Housing Session | ☐ G.A. Number: | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) Stamford | Case type code *(See list on page 2)* Major: M    Minor: 90 |
|---|---|---|---|

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Ashling Soares Law, 55 Greens Farms Road, Suite 200-58, Westport, CT 06880 | 439883 |

| Telephone number *(with area code)* ( 203 ) 529-5115 | Signature of Plaintiff *(If self-represented)* |
|---|---|

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes ☐ No | Email address for delivery of papers under Section 10-13 *(if agreed to)* asoares@ashlingsoareslaw.com |
|---|---|---|

| Number of Plaintiffs: 1 | Number of Defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name:   Lauren Torres Address: 120 Spring Street, Mount Kisco, New York 10549 | P-01 |
| Additional Plaintiff | Name: Address: | P-02 |
| First Defendant | Name: Wells Fargo, via Secretary of State (C.G.S. 33-633, 52-59b) 33-929 Address: 30 Trinity Street, Hartford, CT, 06106 | D-01 |
| Additional Defendant | Name: Address: | D-02 |
| Additional Defendant | Name: Address: | D-03 |
| Additional Defendant | Name: Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left Ashling M. Soares, Esq. | Date signed 03.09.21 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | File Date |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | Docket Number |
|---|---|---|---|

*(Page 1 of 2)*

ATTEST:
A TRUE AND ATTESTED COPY
GEORGE E. CHRISTIANSEN
CT STATE MARSHALL

RETURN DATE: APRIL 13, 2021

----------------------------------------------------------------x

| | | |
|---|---|---|
| LAUREN TORRES | : | SUPERIOR COURT |
| | : | |
|       Plaintiff, | : | |
| | : | |
| | : | J.D. OF STAMFORD/NORWALK |
| v. | : | |
| | : | AT STAMFORD |
| WELLS FARGO | : | |
| | : | |
| | : | |
|       Defendants. | : | MARCH 9, 2021 |

----------------------------------------------------------------x

## COMPLAINT

Lauren Torres, by and through counsel, hereby states her Complaint against Defendant Wells Fargo as follows:

## PARTIES

    1.    Lauren Torres ("Plaintiff" or "Torres") is a female resident of the State of Connecticut and resides at 120 Spring Street, Mount Kisco, New York 10549.

    2.    Defendant Wells Fargo ("Wells Fargo") is a bank, with an office located at 137 West Putnam Ave, Greenwich, Connecticut 06830, where Plaintiff was working as a Regional Banking District Manager.

## FACTS

ATTEST:
A TRUE AND ATTESTED COPY
GEORGE E. CHRISTIANSEN
CT STATE MARSHAL

1

1.    Plaintiff was first hired by Wells Fargo in June 2006 as a Part-Time Teller. Once hired, she quickly climbed the ladder, starting with her first promotion in September 2006 to Lead Teller, after which she was promoted eight (8) additional times, until she eventually landed the role of Regional Banking District Manager in January 2016.

2.    In 2015, a class action lawsuit was filed against Wells Fargo, based on the opening of "fake accounts" without customer consent, actions which were in large part attributable to the immense pressure put on team members to increase sales. *Jabbari v. Wells Fargo & Co.*, 2015 U.S. Dist. LEXIS 192599. The case eventually settled, ("the Jabbari Settlement") and as a result, an initiative titled "Raise your Hand" was introduced. The goal of this initiative was to tackle the high-pressure sales culture that had previously existed, causing team members to act unethically in order to meet sales quotas. After its commencement, however, some team members began utilizing the movement to target leaders and attempt to secure their termination.

3.    In July 2017, Senior Leadership restructuring began, at which time the Region President and Area President roles were consolidated into a newly created Region Bank President Position, and as a result, Ms. Torres' Area President, Maria Ferreira, was displaced from Wells Fargo. In August 2017,

2

Kent McClun ("Mr. McClun") became the Region Bank President for Connecticut Community Bank, making him her direct manager.

4.    Shortly thereafter, in November 2017, Mr. McClun questioned Ms. Torres about false allegations that had been made about her. Subsequently, Ms. Torres notified the Human Resources department ("HR") that she was being retaliated against by Mr. McClun, and that several Branch Managers directly reporting to her ("Direct Reports") – Irmina Oziembala ("Ms. Oziembala"), Christina Lagatta ("Ms. Lagatta"), and Jayson Bortot ("Mr. Bortot") – were conspiring to make anonymous false allegations against her, in an attempt to secure her termination. An HR representative indicated to Ms. Torres that several team members appeared to have "an axe to grind" and were "choosing to grind their axes" on her. During that time, the HR representative also noted that roughly 70% of all allegations called in to HR are not true and/or substantiated and that they wished that people only called in factual allegations.

5.    In June 2018, Mr. McClun placed Ms. Torres on administrative leave, pending an investigation of four branch managers' allegations of retaliation, stemming from a corrective action she had taken towards them. It should be noted that this corrective action, delivered to Ms. Oziembala, Ms.

Lagatta, Andrew Yee ("Mr. Yee"), and John Kane ("Mr. Kane"), had been recommended by HR and approved by Mr. McClun beforehand.

6.    Plaintiff was permitted to return to work in October 2018, after it was concluded that none of the allegations were substantiated. However, Mr. McClun then placed her on a "Final Notice" for allegedly violating the Workplace Professional Conduct Policy, and rescinded the corrective action that she had implemented. This action sent a clear message that a retaliation claim is the key to reversing a corrective action, which diminished Ms. Torres' ability to hold her Direct Reports to the Company's policies and performance objectives.

7.    From October 2018 to November 2018, Mr. McClun continually undermined the Plaintiff's supervisory role by not allowing her to visit branches without being under the observation of a partner, creating the perception that she needed supervision.

8.    In November 2018, Plaintiff's assigned partner had scheduling conflict, leaving her no choice but to enter the branch by herself. Upon her arrival, the team members called their branch manager, Ms. Lagatta (who was on maternity leave), to notify her of Ms. Torres' unaccompanied presence, after which Ms. Lagatta alerted Mr. McClun. Mr. McClun then called Ms. Torres and ordered her to leave the branch immediately, forcing her to work for the

remainder of the day in a Donut Delight coffee shop down the street. When this came to the attention of HR, Mr. McClun was told that he could not prohibit Ms. Torres from performing her role and that, therefore, she needed to be permitted to enter branches without accompaniment. However, also during this time period, Mr. McClun required Ms. Torres to send calendar invites to the branch managers for all in-field coaching activities, a task which no other District Manager was required to do, and which created a perception that she was not supposed to be in the branches without prior notification. This was not only retaliatory behavior, but also a hindrance to Ms. Torres' ability to perform her job.

9.    In December 2018, Mr. Kane resigned to accept a Branch Manager position at Chase Bank. One month later, in January 2019, Mr. Yee resigned to accept a Branch Manager position at TD Bank. Shortly thereafter, Ryan Muir, HR Business Partner, held a meeting with Plaintiff's Direct Reports to discuss their concerns regarding her, resulting in what was referred to as the "Southwest Connecticut District Action Plan" ("the Plan"). As part of the Plan, Mr. McClun was instructed to review Ms. Torres' progress in addressing her Direct Reports' concerns during a bi-weekly, thirty-minute call. However, between mid-February and mid-May 2019, Mr. McClun convened only a total of four (4) calls with Ms. Torres.

10. In March 2019, Plaintiff and Mr. McClun delivered an "Informal for Conduct" action towards Mr. Bortot, after he yelled at her and her Retail Small Business Credit Partner, and exhibited aggressive and intimidating behavior (e.g. lunging over the desk). Mr. Bortot was also subsequently given a "Formal for Performance" action after he left the vault door open on a Saturday, and was then dishonest when questioned by the Regional Services Consultant partner, Lisa Micalizzi.

11. On or about June 13, 2019, Mr. McClun held a meeting titled "Credit Strategy Discussion - RBP/DM/RSBC/ASL - Southwest Connecticut", with the Plaintiff, Affluent Segment Leader Dionne Lloyd ("Ms. Lloyd"), and Retail Small Business Credit Consultant, Trish Flynn ("Ms. Flynn"). Prior to the meeting, Mr. McClun sent a meeting agenda, in which he requested that Ms. Torres assess: a) the level of skill of the manager/service manager to lead the team, b) the skill-set of the bankers/tellers, c) the engagement of the team members, d) whether the managers are able to coach and if the team members are coachable, and d) the level of credit acumen and interactive effectiveness of the managers and bankers. He also asked her to complete an Excel spreadsheet that had been created by one of the Connecticut District Managers, Jeff Bruneau. The Plaintiff had refused to complete the spreadsheet, on the basis that Wells Fargo employees were not permitted to

create their own reporting tools, per Mary Mack, Head of Consumer Banking at Wells Fargo.

12.    After that, on or about June 15, 2019, in an email to the Plaintiff, Ms. Flynn requested the names of two "high-potential" branches. Ms. Torres immediately called Ms. Flynn to inquire about the reason for this request. Ms. Flynn stated that her manager, Barbara Bonfiglio ("Ms. Bonfiglio"), had asked for two branches per district that they would target for coaching purposes. In response, Ms. Torres indicated that she would not comply, since the strategy was not in alignment with their business process of coaching each team and team member equally, regardless of skill or potential. She told Ms. Flynn that she would explain to whomever she needed to, her rationale for not providing the names of two branches that were "high potential", which was her belief that all branches were "high potential." It should be noted that Wells Fargo prohibits "stack ranking" team members or branches based on actual sales/growth/performance outcomes, a policy change that was initiated after the Jabarri Settlement in September 2016.

13.    On or about June 17, 2019, Mr. McClun requested the Plaintiff's personal email address, so that he could AirDrop a video that he had made for all Connecticut District Mangers to show to their branch managers, outlining plans for him, the District Managers, the Affluent Segment Leader, and the

7

Retail Small Business Credit Consultants to collectively visit all of the branches in each district, to further the "Credit Strategy". Mr. McClun then instructed Ms. Torres and the other District Managers to plug their personal cell phones into their corporate laptops to play the video that he had made. Ms. Torres indicated that she would not be providing her personal email address, because she was uncomfortable with the request, and because employees are not permitted to use their personal cell phones for business purposes. Without Ms. Torres' consent, Mr. McClun proceeded to AirDrop the video to her, but Ms. Torres refused to plug her personal cell phone into the corporate laptop computer to play the video for her branch managers.

14.    On June 19, 2019, Mr. McClun instructed all of the district managers to complete a spreadsheet that Annie Govan (an administrative assistant), had created to input the performance ratings in each of the mid-year performance rating categories (Leadership, Team Member Experience, Customer Experience, Growth and Risk Management) for an upcoming meeting that he was holding with the Plaintiff and the other six district managers in Connecticut. The purpose of the spreadsheet to "calibrate" their ratings of each of their Direct Reports. In her response to Mr. McClun's instructional email, Ms. Torres indicated that she did not feel comfortable inputting the ratings for her branch managers into the

8

spreadsheet because they are prohibited from making or using their own tools, tracking sheets, etc., and that she was concerned about the possible outcome of doing so. When she arrived at the "calibration" meeting with her Direct Reports, Mr. McClun instructed his administrative assistant, Alberta Selmani ("Ms. Selmani"), to input Ms. Torres' ratings (which she had relayed in an email), into the unapproved spreadsheet. Mr. McClun then proceeded to discuss Ms. Torres' ratings in front of all of the meeting attendees. It should be noted that the district managers, Ms. Torres included, did not have a "business need to know" for the ratings of each other's branch managers, rendering the action in direct violation of the "confidentiality/ business need to know" policy, found in Wells Fargo's handbook. Soon after, on June 24, 2019, Ms. Torres discovered that she had been cropped out of the photo used in the "CT Fact Sheet" to be shared with the public, which highlighted Wells Fargo's achievements in the community.

15.    Then, on or about August 8, 2019, during a one-on-one meeting with Ms. Oziembala, observed by Mr. McClun, she yelled at the Plaintiff, "You were under investigation, you were under investigation... You need to respect me. I am four years older than you and I have a Master's Degree!" Mr. McClun then interjected, "I think you are both very similar (referring to Ms. Torres and Ms. Oziembala), and people that are similar  don't get along." This

9

statement  both undermines Ms. Torres and implied that Ms. Oziembala's disrespectful and unprofessional conduct was excusable. Then, later that day, when Ms. Torres expressed her concern about Ms. Oziembala's conduct to Mr. Clun, as well as his statement about why they didn't "get along", he stated that he didn't realize that Ms. Oziembala had been conducting herself unprofessionally or disrespectfully.

16.    Shortly thereafter, the Plaintiff received her 2019 Mid-Year Performance Review ("the Review"), in which Mr. McClun failed to include any of the mandatory performance ratings. Instead, he stated, "She can be hesitant in addressing certain issues due to concern of additional complaints filed against her. I have coached Lauren that if she is doing the right activities and follow -up, that is her role and should continue to be focused on supporting the team around our specific priorities." Ms. Torres informed Mr. McClun that she disagreed with these statements, since she had in fact held one of her direct reports accountable through an "Informal Warning for Conduct" and "Formal Warning for Performance", both of which Mr. McClun was aware and present for the delivery. Moreover, Mr. McClun never reviewed or requested to review Ms. Torres' coaching notes. Had he reviewed her notes, he would have seen that she had very specific commitments from her Direct Reports and that she did follow up on them via monthly branch visits,

monthly one-on-one meetings and other frequent touchpoints. Mr. McClun also stated in the Review, "She [Lauren] still struggles in having courageous conversations around branch manager's activities, addressing performance gaps in team member performance, due to her concern around additional ER (Employee Relations) cases being filed or team members raising their hand." This statement is both speculative and false. Ms. Torres informed Mr. McClun that this is not true and that she does have coaching conversations with all of her Direct Reports regarding their performance, as well as the activities and results of their performance. When she clarified this with Mr. McClun, he claimed that he relies on partner feedback and therefore wrote that based solely on the latter (which, notably, should not be included in a performance review). Importantly Mr. McClun observed Ms. Torres on merely three occasions, two of which were at her request.

17.    On or about August 22, 2019, Plaintiff received a call from an Internal Investigator, Sandra Phipps ("Ms. Phipps"), questioning her about her "District Credit Strategy". Ms. Torres told Ms. Phipps that she was called to a meeting by Mr. McClun along with the Affluent Segment Leader and the Retail Small Business Segment Leader in June 2019. She told Ms. Phipps that she didn't feel comfortable with Mr. McClun asking her to use a ranking spreadsheet that was not approved at the enterprise level, or with coaching

team members to push credit products to customers. She told her that she had told Mr. McClun that she wasn't willing to use the prohibited spreadsheet. It should be noted that Mr. McClun asked Ms. Torres to participate in the same unethical sales practices that led to the Jabbari Settlement. Ms. Phipps asked Ms. Torres if there was anything else that Mr. McClun had requested that she do that made her feel uncomfortable. Ms. Torres informed Ms. Phipps that Mr. McClun had asked her to violate their sales and service quality guidelines, and technology/information security guidelines.

18.    On September 9, 2019, and again on September 19, 2019, Plaintiff spoke with Employee Relations ("ER") Consultant Christel Laney ("Ms. Laney") about the false allegations against her. During that conversation, she discussed her concerns with the investigations process, which facilitated the submission of false allegations based on ulterior motives.

19.    Then, or about October 11, 2019, Plaintiff submitted her concerns to Employee Relations. During the following week, on October 15, 2019, Ms. Torres spoke with Mr. McClun about her conversation with Ms. Phipps. During that conversation, Mr. McClun informed her that the reportedly "anonymous" allegation was from Ms. Oziembala, who claimed that Ms. Torres instituted an unapproved strategy for credit conversations with customers, and that you had called her to notify her that the strategy was unapproved. Ms.  Torres

responded with her concerns about the investigation process, noting that her impromptu interrogation, without time to review the allegations or any information about the source of the allegations, prevented her from being able to effectively respond to, or provide context regarding, the allegations. Notably, in a previous conversation with Mr. McClun about the false allegations against Ms. Torres, he had agreed with her that the source of any allegation has a crucial bearing on its credibility, and that if any allegations were made against her by Ms. Oziembala or Ms. Lagatta, he would discredit them as being solely based on their desire for her to be terminated. When Ms. Torres told Mr. McClun that she suffered from anxiety about the investigation because she had not received any follow-up, Mr. McClun stated that he had a similar experience when he was investigated by ER for false allegations.

20.    In early November 2019, Mr. McClun rescinded the Formal Warning that Mr. Bortot had been placed on in May 2019, purportedly because ER had not taken sufficient notes when Ms. Torres reviewed his misconduct with them, and because Ms. Laney felt that the action should have been an "Informal", rather than a "Formal", Warning. In response, the Plaintiff expressed her concerns to Mr. McClun regarding the disparity among ER consultants' recommendation. She also pointed out that, by rescinding the corrective action instead of modifying it, team members were being taught to

report false allegations to ER, in order to achieve the rescission of corrective actions.

21. On November 13, 2019, the Plaintiff's employment with Wells Fargo was abruptly terminated, based on an alleged violation of the Company's "business need to know" policy. When Ms. Torres inquired about the alleged violation, neither Mary Evans (Senior Vice President Regional Human Resources Director) nor Mr. McClun provided *any* information, and instead directed her to contact Employee Relations. Ms. Torres was shocked by this response, given that she was well aware that an employee's superior is always given the investigation details and the authority to determine the next steps (e.g. corrective action or termination). Importantly, during the termination meeting, Mr. McClun stated to Ms. Torres, "You should have just done your job", implying that she shouldn't have been a whistleblower and should have instead stayed quiet about the unlawful and unethical actions that he was asking her and her peers to perform. When Ms. Torres contacted HR for more information, she was was told that Mr. McClun would have the details regarding the reason for her termination. To date, Ms. Torres has not obtained any information regarding the alleged cause for her termination.

22. On or about December 15, 2019, the Plaintiff had filed a wrongful termination case, alleging that she was terminated from her employment in

retaliation for participating in a fact-finding finding investigation with ER/HR in that she reported to Ms. Phipps Mr. McClun's instructions to engage in unlawful and unethical conduct.

23.    Plaintiff has been unable to obtain comparable employment since her termination from Polk, despite reasonable and diligent efforts. Unemployment has damaged Plaintiff's financial stability dramatically.

COUNT ONE: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

1-23.    Allegations 1-23 of the Complaint are re-alleged as if fully set forth herein.

24.    Plaintiff was an "internal whistleblower" under Connecticut law, in that she reported misconduct of a fellow employee or superior to a supervisory authority within the company.

25.    As a direct and proximate result of Plaintiff's whistleblowing activities, Defendant terminated Plaintiff's employment.

26.    Defendant's termination of Plaintiff's employment violates an important public policy, the avoidance of fraud through internal mediums.

26.    Plaintiff is without statutory remedy for her internal complaints pertaining to the conduct of Defendant, her former employer.

<u>DEMAND FOR RELIEF</u>

WHEREFORE, the Plaintiff demands that a judgment be entered in her favor against the Defendant for the following relief:

1.     Compensatory damages for both the pecuniary and nonpecuniary losses suffered by the Plaintiff;

2.     Punitive damages as allowed under the law;

3.     Attorney's Fees as allowed under the law; and

4.     Costs as allowed under the law;

5.     Any and all other relief in equity or law that the Court deems appropriate.

The Plaintiff,

Lauren Torres

By: _/s/Ashling M. Soares, Esq._

Ashling M. Soares, Esq.
Ashling Soares Law
55 Greens Farms Road
Suite 200-58
Westport, CT  06880
Ph: 203.529.5115
F: 203.529.5115
Juris No.: 415476

ATTEST:
A TRUE AND ATTESTED COPY
GEORGE E. CHRISTIANSEN
CT ___ MARSHAL  16
STATE

RETURN DATE: APRIL 13, 2021

--------------------------------------------------------------------x

| | | |
|---|---|---|
| LAUREN TORRES | : | SUPERIOR COURT |
| | : | |
|      Plaintiff, | : | |
| | : | |
| | : | J.D. OF NEW BRITAIN |
| v. | : | |
| | : | AT STAMFORD |
| WELLS FARGO | : | |
| | : | |
| | : | |
|      Defendants. | : | MARCH 9, 2021 |

--------------------------------------------------------------------x

STATEMENT OF AMOUNT IN DEMAND

    The amount in demand, exclusive of costs and interest, is greater than

FIFTEEN THOUSAND ($15,000.00) DOLLARS.

                    The Plaintiff,

                    Lauren Torres

                    By: /s/ Ashling M. Soares, Esq.
                    Ashling M. Soares, Esq.
                    Ashling Soares Law
                    55 Greens Farms Road
                    Suite 200-58
                    Westport, CT 06880
                    P: 203.529.5115
                    F: 203.529.5115
                    asoares@ashlingsoareslaw.com
                    Juris No.: 439883

ATTEST: [signature]
A TRUE AND ATTESTED COPY
GEORGE E. CHRISTIANSEN
CT STATE MARSHALL

17

EXHIBIT B



**null / ALL**
**Transmittal Number: 22988294**
**Date Processed: 03/31/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | WF West - WF Bank<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | Wells Fargo & Company<br>Entity ID Number  1915501 |
| **Entity Served:** | Wells Fargo Company |
| **Title of Action:** | Lauren Torres vs. Wells Fargo |
| **Matter Name/ID:** | Lauren Torres vs. Wells Fargo (11098203) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Termination |
| **Court/Agency:** | Stamford Superior Court, CT |
| **Case/Reference No:** | 2021 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 03/29/2021 |
| **Answer or Appearance Due:** | 04/13/2021 |
| **Originally Served On:** | Wells Fargo Company |
| **How Served:** | Client Direct |
| Sender Information: | Ashling M. Soares<br>203-529-5115 |
| **Client Requested Information:** | Matter Management User Groups: [LITIGATION Employee]<br>Routing Rules (CSC): R0710<br>Classification: Standard |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**WELLS FARGO CLIENT DIRECT – SAN ANTONIO, TX**
**WELLS FARGO BANK**
**4101 WISEMAN BLVD BLDG 108**
**SAN ANTONIO, TX 78251-4200**
**MAC: T7408-013**

**BATCH COVER SHEET**

For use only when overnighting multiple services

DATE SERVED: ~~WELLS FARGO SAN ANTONIO, TX 0054935 MAR 3 1 2021~~    WELLS FARGO SAN ANTONIO, TX 0054935    MAR 3 0 2021

TO:  Service of Process / Corporation Service Company

OVERNIGHT:  Corporation Service Company
Attn:  Brenda Coy / Wells Fargo
1201 Hays Street
Tallahassee, FL 32301-2699
800-927-9801, Ext. 62918
brenda.coy@cscglobal.com

FROM:  ✔ Jerry Arispe
___ Fernando Escobedo
___ Maria Minor
___ Joann Leos

SENDER PHONE NO.:  210-543-6997

STATE SERVED;

Per document    10-CA, 1-AZ

COMMENTS/NOTES:

Please read this section: The date on this cover sheet is the date that the Wells Fargo EIS Customer Support team received this service. CSC has a mandatory date served field and this date will be entered as we may not have the actual date served.

If a Wells Fargo enterprise mailroom receives an envelope that does not include a team members name, mac code, or the team has been displaced, the mail is sent to the EIS Customer Support team to open the envelope, review the document and route. When the mail is received at the many locations, the date received may or may not be added.  The SOP team requested that all legal mail from the EIS Customer Support team be sent to CSC to upload to CSC Navigator/Matter Management and route.

This facsimile contains information which (a) may be LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) is intended only for the use of the Addressee(s). If you are not the Addressee, or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying or distributing this facsimile is prohibited.  If you have received this facsimile in error, please email us so we may provide you with a mailing address to send the document back to us.

#16879018-v2                    07/31/2019

Case #: 0000259951   A 001      7019 1120 0001 0339 5185

WELLS FARGO COMPANY
CORPORATE SECRETARY,
420 MONTGOMERY ST,
SAN FRANCISCO, CA 94163

SECRETARY OF THE STATE OF CONNECTICUT
165 CAPITOL AVENUE
P.O. BOX 150470
HARTFORD, CT 06115-0470

NOTICE OF SERVICE OF PROCESS

03/24/2021
WELLS FARGO COMPANY
CORPORATE SECRETARY,
420 MONTGOMERY ST,
SAN FRANCISCO, CA 94163

Re: LAUREN TORRES                           V.  WELLS FARGO

To whom it may concern:

Legal process has been served on the Secretary of The State of Connecticut as the Statutory Agent for Service of Process for

WELLS FARGO COMPANY

in the above referenced matter. Enclosed is a copy of the submission to this office.

Sincerely,
Denise W. Merrill
Secretary of the State of Connecticut

By:    RUBY VEAL
       Application Analyst
       860-509-6003

Case #:   0000259951    A 001

Mail Number:   7019 1120 0001 0339 5185

Enc.

EXHIBIT C

DOCKET NO. FST-CV21-6049709-S      :     SUPERIOR COURT

: 

LAUREN TORRES       ,           :     JUDICIAL DISTRICT OF

: 

       Plaintiff       :     STAMFORD/NORWALK AT

: 

v.                   :     STAMFORD

:                            :

WELLS FARGO BANK, N.A.,        :

: 

       Defendant      :     APRIL 23, 2021

## <u>NOTICE OF FILING NOTICE OF REMOVAL</u>

**TO THE JUDGES OF THE SUPERIOR COURT FOR THE STATE OF CONNECTICUT AND TO ALL PARTIES TO THE ACTION HEREIN:**

PLEASE TAKE NOTICE that, on April 23, 2021, Defendant Wells Fargo Bank, N.A. ("Wells Fargo")[1], filed a Notice of Removal of this action to the United States District Court for the District of Connecticut pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446. Wells Fargo has attached a true and correct copy of the Notice of Removal hereto as **<u>Exhibit A</u>**.

Wells Fargo respectfully requests that this Court proceed no further in this matter.

---

[1] Plaintiff erroneously directed her Complaint in the state court action at "Wells Fargo". At all relevant times, however, her employer, in fact, was "Wells Fargo Bank, N.A.", which Wells Fargo has corrected upon removal.

DEFENDANT
WELLS FARGO BANK, N.A.

_____
Jeffrey A. Fritz
Fisher & Phillips LLP
200 State Street, 7th Floor
Boston, Massachusetts 02109
(617) 722-0044
*jfritz@fisherphillips.com*
Juris No. 423388

Its Attorneys

## **CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that a copy of the foregoing was mailed this date, postage prepaid, to:

Ashling M. Soares, Esq.
Ashling Soares Law
55 Green Farms Road
Suite 200-58
Westport, Connecticut 06880
*asoares@ashlingsoareslaw.com*

*Plaintiff's Counsel*

_____
Jeffrey A. Fritz

EXHIBIT D

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| LAUREN TORRES | WELLS FARGO BANK, N.A. |

| (b) County of Residence of First Listed Plaintiff _____ <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____ <br> *(IN U.S. PLAINTIFF CASES ONLY)* <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF <br> THE TRACT OF LAND INVOLVED. |
|---|---|
| (c) Attorneys *(Firm Name, Address, and Telephone Number)* <br> Ashling M. Soares, Esq. - Ashling Soares Law, 55 Green Farms Road, Suite 200-58, Westport, CT 06880, | Attorneys *(If Known)* <br> Jeffrey A. Fritz, Esq. - Fisher & Phillips LLP, 200 State Street, 7th Floor, Boston, MA 02109, 617-722-0044 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted Student Loan (Excludes Veterans) <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product Liability <br> ☐ 320 Assault, Libel & Slander <br> ☐ 330 Federal Employers' Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle Product Liability <br> ☐ 360 Other Personal Injury <br> ☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY** <br> ☐ 365 Personal Injury - Product Liability <br> ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability <br> ☐ 368 Asbestos Personal Injury Product Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal Property Damage <br> ☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 <br> ☐ 690 Other | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal 28 USC 157 <br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 835 Patent - Abbreviated New Drug Application <br> ☐ 840 Trademark <br> ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act <br> ☐ 376 Qui Tam (31 USC 3729(a)) <br> ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and Corrupt Organizations <br> ☐ 480 Consumer Credit (15 USC 1681 or 1692) <br> ☐ 485 Telephone Consumer Protection Act <br> ☐ 490 Cable/Sat TV <br> ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ☐ 440 Other Civil Rights <br> ☐ 441 Voting <br> ☒ 442 Employment <br> ☐ 443 Housing/ Accommodations <br> ☐ 445 Amer. w/Disabilities - Employment <br> ☐ 446 Amer. w/Disabilities - Other <br> ☐ 448 Education | **PRISONER PETITIONS** <br> **Habeas Corpus:** <br> ☐ 463 Alien Detainee <br> ☐ 510 Motions to Vacate Sentence <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> **Other:** <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition <br> ☐ 560 Civil Detainee - Conditions of Confinement | **LABOR** <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Management Relations <br> ☐ 740 Railway Labor Act <br> ☐ 751 Family and Medical Leave Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Employee Retirement Income Security Act <br> **IMMIGRATION** <br> ☐ 462 Naturalization Application <br> ☐ 465 Other Immigration Actions | **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) <br> **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff or Defendant) <br> ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts <br> ☐ 893 Environmental Matters <br> ☐ 895 Freedom of Information Act <br> ☐ 896 Arbitration <br> ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision <br> ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332 and 1441

Brief description of cause:
Alleged wrongful termination in violation of public policy.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

| DATE <br> 4/23/2021 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|