UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LAUREN TORRES,
*Plaintiff*,

v.

No. 3:21-cv-563 (JAM)

WELLS FARGO BANK, N.A.,
*Defendant*.

**ORDER GRANTING MOTION TO DISMISS**

Plaintiff Lauren Torres thinks that Wells Fargo fired her because she complained to her co-workers about how the bank was run. And she thinks that firing her for this reason was illegal. She has therefore sued the bank for wrongful discharge.

In Connecticut, however, companies may fire their "at will" employees for almost any reason. The exceptions are important but narrow. Because Torres has failed to plausibly allege that an exception applies here, I will dismiss her complaint without prejudice.

**BACKGROUND**

Torres was a regional bank manager at Wells Fargo.[1] For years, she struggled to get along with her co-workers, especially her boss. Once, for instance, her boss asked her to watch a work video by downloading it to her personal cellphone and then plugging the phone into her work laptop. She refused because she thought that the request violated company policy and because it made her "uncomfortable."[2] Other times, the boss asked her to rate her subordinates on a spreadsheet. But again, she refused, because she thought that this was banned by company policy.[3] She also refused to give a bank consultant the names of "high potential" branches,

---

[1] Doc. #1-1 at 3 (¶ 2).
[2] *Id.* at 9–10 (¶ 13).
[3] *Id.* at 8–11 (¶¶ 11, 14).

1

because she thought that the request was "not in alignment with [the bank's] business process" and because "all branches were 'high potential.'"[4]

In August 2019, Torres shared some of these concerns with a Wells Fargo internal investigator. And, she says, she added a more serious one: that the bank was using "unethical sales practices" to "push credit products to customers."[5] She claims that these sales practices were "the same [ones] that led to" a settlement in another civil lawsuit.[6]

Three months after speaking with the investigator, Torres was fired.[7] She thinks that she was fired for being an "internal whistleblower."[8] She has sued Wells Fargo for common law wrongful discharge. The bank has moved to dismiss.

## DISCUSSION

The background principles governing a Rule 12(b)(6) motion to dismiss are well established. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless the facts it recites are enough to state plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014).[9] Although this "plausibility" requirement is "not akin to a probability requirement," it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Because the focus must be on what facts a complaint alleges, a court is "not bound to accept as true a legal conclusion couched as a factual allegation" or "to accept as true allegations that are wholly conclusory." *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014). In short, my role in reviewing a motion to dismiss under Rule 12(b)(6) is to

---

[4] *Id.* at 9 (¶ 12).
[5] *Id.* at 13–14 (¶ 17).
[6] *Id.* at 4, 14 (¶¶ 2, 17)
[7] *Id.* at 16 (¶ 21).
[8] *Id.* at 17 (¶ 24).
[9] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

determine if the complaint—apart from any of its conclusory allegations—alleges enough facts to state a facially plausible claim for relief.

Under Connecticut law, companies may usually fire their workers at will. *See Sheets v. Teddy's Frosted Foods, Inc.*, 427 A.2d 385, 386 (Conn. 1980). But there is an exception: companies may not fire an employee when that would violate "a clear mandate of public policy." *Ibid*. Because "courts should not lightly intervene [in firing decisions]," however, this exception is "narrow." *Thibodeau v. Design Grp. One Architects, LLC*, 802 A.2d 731, 737 (Conn. 2002). Therefore, "claims of wrongful discharge … [must be] predicated on an employer's violation of an important and clearly articulated public policy." *Id.* at 737.

For a policy to be "important and clearly articulated," it usually must be expressed in a law. For example, a food company might violate public policy if it fires a worker because he insisted on complying with government food labeling requirements. *See Sheets*, 427 A.2d at 388–89. By contrast, suppose that a schoolteacher refuses to use certain materials in the school garden because he thinks that "they are made with carcinogenic chemicals." *Zweig v. Marvelwood Sch.*, 252 A.3d 367, 370 (Conn. App. 2021). If there is no law banning the chemical, the school may fire him for protesting—even if there is evidence that the chemical is "a probable human carcinogen." *Id.* at 380. "[A]ctions that are premised on conduct that is alleged to violate public policy founded on general statements, rather than on clearly proscribed conduct, run the risk that our courts will be faced with arbitrating the merits of the alleged public policy itself." *Id.* at 379. Because there is no law on the topic, the school's "decision, whether well thought out or reasonable, falls squarely within the type of managerial discretion by an employer that the Supreme Court in *Sheets* indicated did not warrant intervention by a court." *Dunn v. Ne. Helicopters Flight Servs., LLC*, 261 A.3d 15, 31 (Conn. App. 2021).

3

Torres's complaint is mostly about how her colleagues failed to follow the bank's own policies. But that is not of public concern. She does suggest in her brief that her colleagues also violated two federal laws. Her complaint, however, does not plausibly allege this.

First, Torres suggests that the bank violated the Gramm-Leach-Bliley Act, a law that protects bank customers' privacy.[10] She claims that her boss "jeopardiz[ed] customers' privacy" when he asked her to plug her phone into her work computer.[11] But Torres does not say which requirement of the Act her boss violated or explain how connecting her phone to her laptop would have put anyone's privacy at risk. Accordingly, even if she really was fired because she refused to plug her cellphone into her laptop, she has not plausibly alleged that this ran afoul of an important public policy.

Next, Torres suggests that the bank violated the Truth in Lending Act by issuing credit cards to customers who did not apply for them.[12] But she says this only in her brief; in her complaint, she alleges merely that the bank "push[ed] credit products to customers." And that is too vague to support her claim. Selling credit products is what banks *do*. Without more details, Torres has failed to plausibly allege that the bank violated any clear mandate of public policy—as opposed to *her own* personal views of how banks should be run.

Finally, Torres suggests that in asking her to rank her subordinates, the bank violated a settlement agreement. I doubt that a private settlement could be the source of a clear and important public policy. But even if it could be, Torres has again failed to point to a specific part of the settlement and explain how the bank violated it. This allegation does not support her wrongful-discharge claim either.

---

[10] Doc. #22 at 2.
[11] *Ibid*.
[12] *Id.* at 6.

## CONCLUSION

The Court GRANTS the motion to dismiss (Doc. #18). The complaint (Doc. #1) is dismissed without prejudice. The Clerk is directed to close the case. If Torres believes that there are additional facts that would overcome the concerns stated in this ruling, then she may file a carefully researched and drafted amended complaint on or before **March 21, 2022**.

It is so ordered.

Dated at New Haven this 18th day of February 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge